# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 10, 2010

Marilyn Kelly,
Chief Justice

139628 & (19)

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

SC: 139628
COA: 289375
Alger CC: 06-001740-FC

DONALD JAMES GATISS,
      Defendant-Appellant.

_____/

      By order of March 11, 2010, the prosecuting attorney was directed to answer the application for leave to appeal the May 29, 2009 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered. Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the December 13, 2007 order of the Alger Circuit Court, and we REMAND this case to that court to reconsider the defendant's motion for relief from judgment. A trial court, in its discretion, may generally strike pleadings containing "redundant, immaterial, impertinent, scandalous, or indecent matter." MCR 2.115(B). But the court may not dismiss a defendant's motion for relief from judgment merely for failure to comply with court rules; rather, the court must adjudicate the motion or return it "with a statement of reasons for its return." MCR 6.502(D). On remand, the court shall specify what portions of the defendant's pleadings were stricken as immaterial, impertinent, or scandalous. The court shall adjudicate the portions that merely failed to conform to the court rules or return the pleadings with an explanation for their return. In adjudicating the relevant portions of the motion, the court must "include a concise statement of the reasons for the denial," MCR 6.504(B)(2), or "set forth in the record its findings of fact and its conclusions of law, and enter an appropriate order disposing of the motion," MCR 6.508(E). Although the court's reasoning may again incorporate the prosecutor's response by reference, we note that the prosecutor did not respond to all of the defendant's arguments for relief; accordingly, the court must dispose of the defendant's remaining relevant arguments, if any, without merely referring to the prosecutor's response.

      We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 10, 2010

Clerk

y0603